IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Miranda Ball, et al. v. Bayer Schering Pharma AG, et al.*[1] | No. 3:14-cv-10219-DRH-PMF |
| *Pandra Bozeman v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:14-cv-10364-DRH-PMF |
| *Jodi Ritter v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:14-cv-10355-DRH-PMF |
| *William Sheppard, Sr., et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.*[2] | No. 3:11-cv-12589-DRH-PMF |

<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>
<u>**(Failure To Comply With PFS Obligations)**</u>

**HERNDON, District Judge:**

This matter is before the Court on the defendant's (Bayer HealthCare Pharmaceuticals Inc.) motions, pursuant to Case Management Order 12 ("CMO 12")[3] for an order of dismissal, without prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.

---

[1] This Order applies to Plaintiff Miranda Ball only.
[2] This Order applies to Plaintiff William Sheppard, Sr. (Lana Sheppard) only.
[3] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable.  CMO 12 § A(2).

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff.  Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiffs in the above-captioned matters were to have served completed PFSs between February 2015 and March 2015. Notice of Overdue Discovery was sent on April 10, 2015. As of the filing of Bayer's motion to dismiss, Bayer still had not received completed PFS materials from the plaintiffs in the above-captioned matters.

Under Section E of CMO 12, the **plaintiffs were given 14 days from the date of Bayer's motion** to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the plaintiffs have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12.  **Accordingly, the claims of the subject plaintiffs are dismissed without prejudice. The dockets will be revised accordingly.**

**FURTHER,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve the defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.23 11:32:12 -05'00'

**United States District Court**